**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-1968

_____

LASHAUN CASEY,
                                        Appellant

v.

UNITED STATES OF AMERICA

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:21-cv-01367)
Magistrate Judge: Honorable Susan E. Schwab (by consent)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 18, 2026
Before: BIBAS, CHUNG, and BOVE, *Circuit Judges*

(Opinion filed: March 25, 2026)

_____

OPINION[*]

_____

PER CURIAM

    Lashaun Casey, a federal prisoner proceeding pro se, appeals from the District

Court's order dismissing his complaint in part and granting summary judgment to the

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

defendant on the remaining claims. We will affirm in part, vacate in part, and remand for further proceedings.

In his amended complaint against the United States, Casey alleged that he suffers from permanent nerve and tendon damage in his wrist due to negligent medical treatment that he received while incarcerated at USP Canaan. The treatment involved a surgery on Casey's wrist, which was performed by Dr. Jeffrey Mogerman, and subsequent treatment, or alleged lack thereof, by Dr. Mogerman and by various prison medical staff members. Casey brought claims under the Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. §§ 1346, 2671 *et seq.*, for medical negligence. Casey also filed several requests for appointment of counsel, which the District Court denied.

The District Court dismissed the claims based on Dr. Mogerman's conduct, concluding that the FTCA's independent contractor exemption applied to him. And the District Court granted summary judgment to the United States on the remaining claims, concluding that, pursuant to Pennsylvania Rule of Civil Procedure 1042.3, Casey had failed to file the necessary certificate of merit for professional malpractice claims. This timely appeal ensued.

We have jurisdiction under 28 U.S.C. § 1291. "We review district court decisions regarding both summary judgment and dismissal for failure to state a claim under the same de novo standard of review." *Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822, 826 (3d Cir. 2011) (citation modified). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

2

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party, the court concludes that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Kaucher v. County of Bucks*, 455 F.3d 418, 422–23 (3d Cir. 2006).

We agree with the United States that Casey has challenged only the District Court's denial of his counsel motions and the District Court's summary judgment ruling. Thus, he has forfeited any other challenge, including any challenge to the District Court's dismissal of the claims related to Dr. Mogerman's actions. *See In re Wettach*, 811 F.3d 99, 115 (3d Cir. 2016) (stating that litigants forfeit claims that they fail to develop in an opening brief). Therefore, we will affirm the dismissal of those claims.

We conclude that the District Court acted within its discretion when it denied Casey's motions for the appointment of counsel. *See Hamilton v. Leavy*, 117 F.3d 742, 749 (3d Cir. 1997). The District Court properly considered the factors laid out in *Tabron v. Grace*, 6 F.3d 147, 155–56 (3d Cir. 1993), and determined that appointment of counsel was not warranted because, among other things, Casey's claims based on the negligent treatment of his wrist were not overly complex, and he had shown himself to be capable of litigating the claims without counsel.[1]

---

[1] We affirm the District Court's ruling without prejudice to any future request for appointment of counsel by Casey on remand.

3

After the District Court issued its summary judgment ruling in this case, we held, in *Wilson v. United States*, 79 F.4th 312, 316 (3d Cir. 2023), that Pennsylvania's certificate-of-merit requirement does not apply to claims brought in federal court against the United States under the FTCA. Thus, the failure to submit a certificate of merit is not grounds to reject an FTCA claim for medical malpractice. *Id.*; *cf. Berk v. Choy*, No. 24-440, ___ U.S. ___, 2026 WL 135974, at *1 (U.S. Jan. 20, 2026). Because the District Court determined that Casey's medical malpractice claims failed on that basis, we will vacate the judgment of the District Court and remand the case for further proceedings.

Accordingly, we will affirm the District Court's judgment in part, vacate in part, and remand the case for further proceedings consistent with this opinion.